IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

R. ALEXANDER ACOSTA, Secretary of
Labor, United States Department of Labor,

    Plaintiff,

v.

RELIANCE TRUST COMPANY, INC., and
TOBACCO RAG PROCESSORS, INC.
EMPLOYEE STOCK OWNERSHIP PLAN,

    Defendants.

Civil Action
File No. 5:17-CV-00214-D

## CONSENT JUDGMENT

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Secretary"), pursuant to his authority under Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., ("ERISA") has filed a Complaint against Defendants Reliance Trust Company, Inc. ("Reliance" or the "Company") and the Tobacco Rag Processors, Inc. Employee Stock Ownership Plan (the "ESOP").[1] The Company and the Secretary have agreed to resolve all matters in controversy between them in this action, except for the imposition by the Secretary of any penalty pursuant to ERISA Section 502(l), 29 U.S.C. Section 1132(l), and any proceedings related thereto. The Company consents to entry of a Judgment by this Court in accordance herewith:

---

[1] The ESOP has been joined as a party defendant pursuant to Rule 19 of the Federal Rules of Civil Procedure, solely to ensure that complete relief may be granted.

A. The Secretary's Complaint in this action alleges that the Company is a fiduciary and party-in-interest to the ESOP, within the meaning of those terms under ERISA, and that it breached its fiduciary duties with respect to the ESOP by failing to discharge its duties under the ESOP and by violating provision of sections 403, 404 and 406 ERISA, 29 U.S.C. § 1103, 1104 and 1106, as set forth in the Complaint. The Company neither admits nor denies the allegations of the Complaint.

B. The Company hereby agrees that the Court has jurisdiction over it and over the subject matter of this action.

C. The Company agrees that it is, or was at all times relevant to this action, acting as a fiduciary to the ESOP within the meaning of 29 U.S.C. § 1002(21)(A).

D. The Company expressly waives any and all claims of whatsoever nature that it has or may have against the Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

E. This Judgment represents a complete settlement and release with prejudice of all the Secretary's claims asserted in this action against all Defendants, with the exception of any potential civil money penalties that may assessed under Section 502(l) of ERISA, 29 U.S.C. § 1132(l), which will be assessed and collected separately pursuant to the terms set forth in Paragraph 4, below. This Judgment is not binding upon any government agency other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and the Defendants.

F. The Secretary and the Company expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry

of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action against the Company without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that:

1. The Court has jurisdiction over the parties to this Judgment and the subject matter of this action.

2. Within thirty (30) days of the Court's entry of this Consent Judgment, the Company shall pay, or cause its insurers to pay, the ESOP the sum of $4,545,454.54 (the "Settlement Amount") to fully settle the claims against the Company in the Secretary's Complaint. The Company shall pay the Settlement Amount to Argent Trust Company, in its capacity as trustee for the ESOP, and for the benefit of the ESOP. The Company shall not seek direct or indirect contribution or indemnification from Tobacco Rag Processors, Inc. or the ESOP, and waives any rights it may have to such claims against Tobacco Rag Processors, Inc. or the ESOP.

3. The Company hereby represents that neither the ESOP nor Tobacco Rag Processors, Inc. has advanced to the Company payment for any fees and expenses that the Company has incurred in defense of this action or any investigation related to this action. The Company shall not seek or accept reimbursement from the ESOP or from Tobacco Rag Processors, Inc. for any fees or expenses incurred in defense of this action or any related investigation.

4. Once the Settlement Amount in paragraph 2 is paid, the Secretary is required to assess a civil penalty pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). The penalty under Section 502(l) is determined as a percentage of the "applicable recovery amount" as that term is

defined by ERISA. The parties agree that the "applicable recovery amount" is $4,545,454.54, the amount described in paragraph 2 above, and that the total penalty imposed upon the Company will be ten (10) percent of this amount, or $454,545.45, provided, however, that the Company retains its right to seek a waiver from the Secretary (or his appropriate designee) of the civil money penalty in its entirety in accordance with ERISA Section 502(l)(3).

5. This Consent Judgment resolves all claims of Plaintiff's Amended Complaint against the Defendants, with the following exceptions:

    a. This Judgment does not adjudicate any potential civil money penalty that may be assessed under Section 502(1) of the Act;

    b. This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

    c. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Judgment.

6. Each party shall bear its or his own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

_____
THE HONORABLE JAMES C. DEVER, III
CHIEF UNITED STATES DISTRICT JUDGE

Defendant Reliance Trust Company, Inc. consents to the entry of the above Consent Judgment:

By: *[signature]*
WILLIAM BARD BROCKMAN
Attorney for Reliance Trust Company, Inc.

BRYAN CAVE LEIGHTON PAISNER LLP
1201 W. Peachtree Street, NW
One Atlantic Center, 14th Floor
Atlanta, Georgia 30309
Telephone: (404) 572-6600
Facsimile: (404) 420-0507
Email: bard.brockman@bclplaw.com

Plaintiff Secretary of Labor consents to the entry of the above Consent Judgment:

KATE S. O'SCANNLAIN
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

By: *[signature]*
LYDIA J. CHASTAIN
Attorney for Plaintiff

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W., Room 7T10
Atlanta, Georgia 30303
Telephone: (404) 302-5435
Email: Chastain.Lydia.J@dol.gov